UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LAURA GALVAN, Individually and on behalf of the SBC Pension Benefit Plan**  **Plaintiff,**  **VS.**  **SBC PENSION BENEFIT PLAN, et al.**  **Defendants.** | )  )  )  )  )  )  )  )  )  )  ) |

Civil No. SA-04-CV-333-XR

**ORDER**

On this date, the Court considered Plaintiff's motion to consolidate. The motion was filed on November 11, 2006, and Defendants did not respond within 11 days as is required by Local Rule CV-7(d). Therefore, the Court will treat the motion as unopposed. For the reasons discussed below, the motion is GRANTED (Docket No. 48). Accordingly, the Court ORDERS that both Civil Action No. SA-06-CV-825-XR and Civil Action No SA-04-CV-333-XR be consolidated. Since the live pleadings in both cases are identical, the case will proceed based on the second amended complaint filed in Civ. Action No. SA-04-CV-333-XR on November 9, 2006. This Court, pursuant to Fed. R. Civ. P. 42(a), will consolidate all claims for disposition by a single judgment. However, this consolidation does not deprive the parties of any substantive rights that the parties may have had if the actions had proceeded separately. Additionally, this consolidation does not result in the merger of the two cases. Plaintiff and Defendants retain all the substantive rights and defenses in this consolidated action that they had prior to consolidation. Specifically, in response to any limitations

defense regarding Plaintiff's previously dismissed benefits claims[1], Plaintiff may rely on the September 28, 2006 date of filing of her 2006 Complaint. Defendants are ORDERED to file an answer to Plaintiff's second amended complaint by **January 8, 2007.**

## I. Factual and Procedural Background

Plaintiff, Laura Galvan, and her former husband, Stanley Davis, were divorced in Missouri in 1995. Davis was, at the time, an employee of SBC Communications, Inc. and a participant in the SBC Pension Benefit Plan. In the Missouri divorce action, the Missouri court entered a separation agreement, which awarded Plaintiff an interest in Davis's benefits under the SBC Pension Benefit Plan ("the Plan"), pursuant to a qualified domestic relations order ("QDRO"). The QDRO awarded Plaintiff fifty percent of Davis's benefit in the Plan as of March 16, 1995, fifty percent of any early retirement subsidy that Davis might receive from the Plan as a result of a decision to take early retirement, and certain survivorship rights. After examining the QDRO, the Secretary of the Employees' Benefit Committee for the Plan notified Plaintiff that she was entitled to fifty percent of Davis's accrued benefit as of March 16, 1995, which was calculated as a monthly annuity equal to $639.61 per month. Nothing was mentioned of any other benefit, however.

On November 15, 2000, Davis voluntarily elected to retire from the Plan prior to normal retirement age and elected to be paid an early retirement subsidy. On February 8, 2001, Plaintiff sent a letter to SBC, administrator of the Plan, requesting information on the subsidy paid to Davis. SBC eventually responded, in a letter dated April 10, 2001, and offered Plaintiff a life annuity payable over

---

[1]This Court previously dismissed Plaintiff's ERISA benefits claims without prejudice for failure to exhaust administrative remedies, and the Fifth Circuit affirmed that specific ruling on August 23, 2006. Plaintiff then filed the 2006 Complaint, SA-06-CV-825-XR, on September 28, 2006, reasserting those benefits claims.

Davis's lifetime, equal to $639.91, with a lump sum value of $106,921.74.

On March 5, 2004, after subsequent correspondence between the parties had failed to resolve the dispute, Plaintiff submitted a claim for benefits to SBC, seeking a portion of the early retirement benefits provided to Davis, as well as other benefits. The SBC Pension and Savings Plan Service Center sent a claim receipt confirmation to Plaintiff dated March 24, 2004, stating that Plaintiff "will receive a written response within ninety days from receipt of your claim." On April 20, 2004, Plaintiff filed the instant suit, ostensibly to preserve her claims against any statute of limitations defenses. On June 22, 2004, 92 days after the date the Plan received her claim, the Plan sent a letter, dated June 15, 2004, stating that it required an additional 90 days to research and respond to Plaintiffs claim.[2] On June 24, 2004, Plaintiff filed alternative motions to either abate or toll the statute of limitations, alerting the Court to the fact that it had failed to fully exhaust administrative remedies. On August 30, 2004, Defendants filed a motion to dismiss, or alternatively to stay the proceedings until Plaintiff has fully exhausted her administrative remedies. Plaintiff responded that Defendants have failed to follow the procedures outlined in the Plan and in the ERISA regulations, and that she fully exhausted her administrative remedies.

On September 30, 2004, this Court dismissed without prejudice all of Plaintiff's claims against Defendants for failure to exhaust administrative remedies. The Court concluded that although Defendants requested an extension of time to consider Plaintiffs' claims one day late, Defendants acted in substantial compliance with ERISA regulations, and those regulations did not abolish the substantial compliance doctrine. The Court concluded that both fiduciary duty claims

---

[2]The final day of the 90-day deadline actually fell on June 20, 2004, which was a Sunday. Therefore, the last available day that Defendants could have mailed the letter within the deadline would have been Monday, June 21, 2004.

and benefits claims under ERISA are subject to the administrative exhaustion requirement. The Court noted that ERISA claims do not accrue under until an application for benefits is filed and denied, and the Court found that Plaintiff had filed both her original and amended complaint before her administrative remedies were exhausted.

On September 29, 2004, one day before the Court signed the Order of dismissal, Plaintiff received a final administrative decision from the Plan denying her benefits claims. Plaintiff filed a motion for reconsideration of the Court's Order of dismissal on October 12, 2006; however, the Court denied this motion because it found that Plaintiff had filed her ERISA complaint before receiving her final administrative decision. The Court concluded that Plaintiff must exhaust her administrative remedies *before* her complaint is filed with the Court. The Court instructed Plaintiff that she "may now refile her claim and dispute the findings of Defendants in the administrative proceeding."

Plaintiff appealed the Court's decision to the Fifth Circuit, which affirmed in part, vacated in part, and remanded. The Fifth Circuit held that although benefits claims are subject to administrative exhaustion, fiduciary duty claims are not. The administrative exhaustion requirement applies to fiduciary duty claims that are disguised benefits claims, not to true fiduciary duty claims. The Fifth Circuit held the following:

> Because the district court did not consider whether Galvan's fiduciary duty claims for misallocation of Plan assets are disguised benefits claims, thus subject to [administrative] exhaustion, we remand for factual development of whether Galvan is pursing a fiduciary claim, which does not require administrative exhaustion, or a disguised benefits claim.

*Galvan v. SBC Pension Benefit Plan*, No. 04-51214, 2006 WL 2460879, *4 (5th Cir. August 23, 2006). On remand, if this Court finds that Plaintiff's fiduciary duty claims were in fact disguised

benefit claims, then "it correctly dismissed her claims, including those she identified as benefits claims, without prejudice, for failure to exhaust." *Id.* at *5.

Regarding Plaintiff's benefit claims, the Fifth Circuit observed that a claim arising under ERISA does not accrue until an administrative claim has been denied. SBC received Galvan's administrative claim on March 22, 2004, and Galvan filed her original complaint on April 20, 2004. The Fifth Circuit concluded that the filing date of Plaintiff's original complaint (April 20th), not her amended complaint (June 24th), was the operative date for purposes of the exhaustion-of-administrative-remedies analysis. Consequently, the Fifth Circuit held that "the district court did not err in dismissing her [Plaintiff's] benefits claims without prejudice for lack of exhaustion."

After the case was remanded to this Court, Plaintiff filed a motion to amend her 2004 Complaint on October 20, 2006. This motion was unopposed, and the Court granted the motion on November 6, 2006. In granting the motion, the Court observed that Plaintiff had filed a new complaint against the same Defendants on September 28, 2006 ("2006 Complaint"), which was identical to the proposed second amended 2004 Complaint attached to the motion to amend. *See* Civ. Action No. SA-06-CV-835-XR. Both the 2006 Complaint and the second amended 2004 Complaint contained, *inter alia*, benefits claims and fiduciary duty claims. The Court ordered Plaintiff to file a notice with the Court indicating how she intended to proceed in these two cases. *See* Docket No. 45.

Plaintiff timely filed a "Notice Regarding Civil Action No. SA-06-CV-825-XR and Motion to Consolidate" on November 11, 2006. Plaintiff informed the Court that since the Fifth Circuit affirmed the dismissal without prejudice of Plaintiff's benefit claims, Plaintiff believed that she was required to file a new complaint to pursue those benefits claims. Plaintiff believed that a two-year

statute of limitations might apply to her benefit claims.[3]  Since the Plan originally denied her claim on September 29, 2004, Plaintiff believed that the two-year limitations period required her to file a new complaint regarding her benefits claims by September 28, 2006.  Furthermore, Plaintiff stated the following: "If this Court determines that Ms. Galvan may now amend her complaint in this action to include her previously-dismissed benefit claims, then Ms. Galvan would dismiss her second lawsuit.  In the alternative, if this Court determines that Ms. Galvan may not amend her complaint in this action to include benefit claims the Court previously dismissed, then Ms. Galvan would move this Court [to] consolidate the two actions pursuant to Fed. R. Civ. P. 42."  Plaintiff questioned whether the Court's Order allowing leave to amend constituted a factual development as to whether her fiduciary duty claims constitute breach-of-fiduciary-duty claims or disguised benefit claims.

## II. Legal Analysis

Rule 42(a) of the Federal Rules of Civil Procedure states the following:

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any of all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Fifth Circuit suggests that FRCP 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *Miller*, 729 F.2d at 1035. Courts have broad discretion on whether or not to consolidate where there are common questions of law and fact and where

---

[3] Without deciding the issue, the Court questions whether a two-year statute of limitations applies to benefits claims under ERISA.  *See Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992)(holding that for purposes of ERISA section 502(a)(1)(B) benefits claims (29 U.S.C. 1132(a)(1)(B)), the applicable statute of limitations is the state statute of limitations most analogous to the cause of action raised, which is the four-year Texas limitations statute governing suits sounding in contract); *see also Stahl v. Exxon Corp.*, 212 F. Supp. 2d 657, 666 (S.D. Tex. 2002)(same).

consolidation would save time and money. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir.1989); *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir.1985)("A trial court has broad discretion in determining whether to consolidate a case pending before it"). Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial. *St. Bernard General Hospital, Inc. v. Hospital Service Assoc. of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983), *cert. denied* 466 U.S. 970 (1984).

The Court finds that the two actions involve common questions of law and fact and that consolidation is appropriate to expedite trial, conserve judicial resources, save money, and reduce confusion and delay. Therefore, the motion to consolidate is GRANTED. The Court will not dismiss the 2006 Complaint, even though it is identical to the second amended 2004 Complaint, because that dismissal might prejudice Plaintiff's substantive rights relating to her benefits claims. This Court, pursuant to Fed. R. Civ. P. 42(a), will consolidate all claims for disposition by a single judgment.[4] *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 746 F.2d 278, 286 (5th Cir.1984), *reh'g en banc on other grounds* 784 F.2d 665 (5th Cir.1986), *cert. denied* 479 U.S. 930 (1986); *Kuehne & Nagel (AG & Co.) v. Geosource, Inc.*, 874 F.2d 283, 287 n.1(5th Cir. 1989). However, this consolidation does not deprive the parties of any substantive rights that the parties may have had if the actions had proceeded separately. *Harcon Barge*, 746 F.2d at 287. Additionally, this consolidation does not result in the merger of the two cases. *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997). Specifically, in response to any limitations defense regarding Plaintiff's previously

---

[4] Although the Fifth Circuit has previously stated that when two suits are consolidated, each requires entry of a separate judgment, (*Miller v. USPS*, 729 F.2d 1033, 1035 (5th Cir. 1984)), the Court believes that *Harcon Barge* and *Keuhne & Nagel* control because they were decided by the Fifth Circuit after *Miller*.

dismissed benefits claims, Plaintiff may rely on the September 28, 2006 date of filing of her 2006 Complaint. Defendants are ORDERED to file an answer to Plaintiff's second amended complaint by **January 8, 2007.**

In her motion to consolidate, Plaintiff questioned whether the Court's granting of her motion to amend in SA-04-CV-333-XR constituted a factual development of whether her fiduciary duty claims constitute breach-of-fiduciary-duty claims or disguised benefit claims. It did not. If this issue has not been mooted by the consolidation, which the Court does not decide, then the Court will consider the issue after receiving an appropriate motion and briefing from the parties.

### III. Conclusion

The motion to consolidate is GRANTED (Docket No. 48). Accordingly, the Court ORDERS that both Civil Action No. SA-06-CV-825-XR and Civil Action No SA-04-CV-333-XR be consolidated. Defendants are ORDERED to file an answer to Plaintiff's second amended complaint by **January 8, 2007.**

It is so ORDERED.

SIGNED this 6th day of December, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE