UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LAURA GALVAN | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )  Civil Action No:  SA-04-CV-333-XR |
| | ) |
| SBC PENSION BENEFIT PLAN *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Defendants filed a Motion to Dismiss Plaintiff's Second Supplement to Plaintiff's Second Amended Complaint, or in the Alternative, for Summary Judgment. The key issue in dispute is whether Plaintiff's discovery request for the Plan's QDRO procedures constitutes a request under ERISA disclosure requirements. Defendants contend it does not, and therefore, ERISA's penalty provision does not apply. Plaintiff asserts otherwise, arguing Defendants knew or should have known she was making an ERISA disclosure request. After considering the briefs and relevant law, the Court GRANTS Defendants' motion (Docket No. 148).

**Factual and Procedural Background**

On April 20, 2004, Plaintiff filed suit against Defendants averring a series of claims arising from Defendants' administration of a pension plan in which Plaintiff is an alternate payee. Plaintiff became an alternate payee pursuant to a Qualified Domestic Relations Order (QDRO) entered by a Missouri court in 1995. The QDRO results from Plaintiff's divorce from her former husband, Stanley Davis, who is the named beneficiary of the Plan. A more detailed factual layout

of the history giving rise to this case can be found in the Court's Order (Docket No. 150) granting in part and denying in part Defendants' Motion for Summary Judgment.

Once litigation commenced, Plaintiff propounded a discovery request for documents, which included the Plan's QDRO procedures. Plaintiff made this request on April 20, 2007.

On June 12, 2007, Plaintiff sent a letter reiterating her request for the QDRO procedures. Neither the April nor the June requests specifically referenced ERISA § 104(b)(4).

On July 23, 2007, Defendants filed an objection to Plaintiff's discovery request, contending they had no duty under the Federal Rules to disclose the requested procedures.

Thus, having not received the QDRO procedures, Plaintiff filed a Second Supplement to Plaintiff's Second Amended Complaint on August 28, 2007 alleging the Plan Administrator "failed to furnish the Plan's QDRO procedures within thirty days after the Plaintiff's request, as required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4)."[1]

## Legal Analysis

The law states that a Plan Administrator "shall, upon written request of any participant or beneficiary, furnish a copy of . . . instruments under which the plan is established or operated."[2] The parties do not dispute that this disclosure requirement includes a Plan's QDRO procedures. Generally speaking, a Plan Administrator who fails to provide requested QDRO procedures within thirty days of request "may in the court's discretion be personally liable to [the requesting] participant or beneficiary in the amount of up to $100 a day," in addition to "other relief" that the

---

[1] Plaintiff's Second Supplement to Plaintiff's Second Amended Complaint at 2.

[2] 29 U.S.C. § 1024(b)(4).

court deems proper.[3]

Defendants dispute, however, the applicability in this case of the afore-referenced ERISA penalty provision because the request for disclosure was made in the form of a document request during the course of litigation. Defendants contend Rule 34 of the Federal Rules of Civil Procedure governs the request instead of ERISA.[4] Thus, the issue presented to the Court is whether ERISA's disclosure and penalty provisions apply to a discovery request propounded in accordance with the Federal Rules of Civil Procedure during litigation. The Court finds they do not.

The Seventh Circuit has convincingly addressed this issue. As that court notes, "ERISA and the Rules of Civil Procedure call for different kinds of responses, at different times, to different people . . . An interrogatory under Fed. R. Civ. P. 33 is a lawyer-to-lawyer device, rather than a participant-to-administrator device. Delay in answering an interrogatory has its own consequences, potentially more severe than $100 per day, but also linked more directly to the status of the litigation."[5]

The Court further agrees with the Seventh Circuit that "instead of forcing the defendant to guess whether to use the approach of ERISA or the Federal Rules of Civil Procedure in response

---

[3] 29 U.S.C. § 1132(c)(1).

[4] According to Defendants, Plaintiff's "discovery requests were neither made nor alleged to have been made pursuant to the disclosure requirements imposed by [ERISA]. To the contrary, they were nothing more (and nothing less) than discovery requests for documents under the Federal Rules of Civil Procedure." Defendants' Motion to Dismiss at 8.

[5] Verkuilen v. South Shore Building and Mortgage Company, 122 F.3d 410, 411 (1997). Although the court specifically references interrogatories, its reasoning applies to document requests as well.

to litigation documents, participants should do what ERISA contemplates: send a simple written request to the plan administrator."[6] Indeed, "nothing but confusion could come from treating complaints and interrogatories [and document requests] as ERISA demands, and replacing Rules 11 and 37 with the penalty provisions of § 1132(c)."[7]

In sum, nothing, including this litigation, prevents Plaintiff, as alternate payee, from requesting the documents she is entitled to under 29 U.S.C. § 1024(b)(4).[8] The only question is whether she can use a discovery request as the means for implicating ERISA's provisions. The Court finds that she cannot.[9]

## Conclusion

The Court holds ERISA's disclosure and penalty clauses are inapplicable to a discovery request made in the course of litigation. Accordingly, Defendants' Motion to Dismiss Plaintiff's Second Supplement to Plaintiff's Second Amended Complaint, or in the Alternative, for Summary Judgment (Docket No. 148) is GRANTED.

---

[6] *Id*. at 411-2.

[7] *Id*. at 412.

[8] As Defendants candidly acknowledge, "a letter from Ms. Galvan to AT&T (even if drafted by her attorney) would certainly cause the exchange to be governed by ERISA's fiduciary mandates." Defendants' Reply at 8.

[9] Here, Plaintiff has two options. She can either 1) submit a written request to the Plan Administrator requesting the QDRO procedures, thus implicating ERISA's provisions, or 2) she can seek appropriate action under the Federal Rules against Defendants for their alleged failure to properly comply with her discovery request.

SIGNED this 19th day of October, 2007.

                                          XAVIER RODRIGUEZ
                                          UNITED STATES DISTRICT JUDGE