UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LAURA GALVAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No: SA-04-CV-333-XR |
| ) | |
| SBC PENSION BENEFIT PLAN *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Subsequent to the Court's order granting in part and denying in part Defendants' Motion for Summary Judgment (Docket No. 150), Defendants filed a series of motions for reconsideration (Docket Nos. 152, 155, and 161). As the factual background of the case was laid out in the summary judgment order, the Court proceeds to an analysis of the parties' legal arguments.

**Legal Analysis**

Count I

As Defendants observe, "QDROs are interpreted under principles of contract law."[1] From there, they conclude that an "ambiguity [in the QDRO] cannot be the basis for denying summary judgment."[2] Defendants' conclusion misunderstands Missouri law, which states that a contract's meaning is to be decided as a matter of law, *if* it is unambiguous. If it is ambiguous, however, the

---

[1] Docket No. 155 at 2.

[2] *Id*. at 3.

1

contract's interpretation becomes a matter of fact, and the proper interpreter is the fact-finder. That means if the Court finds the QDRO here to be ambiguous, it must submit the issue to the fact-finder at trial.

Defendants next contend that "the parties did not intend that Plaintiff share in Mr. Davis' post-divorce accruals."[3] Just a short while later, however, Defendants' reverse course and assert that the "parties' intent is irrelevant," and "the Court erred by seeking to impute the intent of the parties into the QDRO."[4] Nevertheless, despite asserting the irrelevance of intent, Defendants purposefully direct the Court's attention to documents supplied by Mr. Davis to eliminate any "support for the proposition that the parties . . . intended Plaintiff to share in Mr. Davis' post-divorce benefit accruals."[5]

As the Court noted in its summary judgment order, the "cardinal rule of contract interpretation is to ascertain the parties' intentions," which is to be done by looking to "the contract alone and not based on extrinsic or parol evidence unless the contract is ambiguous."[6] As a review of the Court's order makes clear, the Court, pursuant to Missouri law, looked only to the text of the QDRO to determine whether its meaning was unambiguous or not. If, based solely on the text of the QDRO, the Court finds the contract to be ambiguous, it can do nothing more at this stage. Rather, at trial, it must "resort to extrinsic evidence," such as that provided by Mr.

---

[3] *Id*.

[4] *Id*. at 5-6.

[5] *Id*. at 3 (emphasis added).

[6] Docket No. 150 at 8 (citing Care Center of Kansas City v. Horton, 173 S.W.3d 353, 355 (Mo. Ct. App. 2005)).

Davis and referred to by Defendants, to determine how best to interpret the document.[7]

As for the text alone, despite Defendants' arguments to the contrary, the Court still finds the language of the QDRO to be ambiguous for the reasons stated in its summary judgment order. Because the Court stands by its summary judgment order on the ambiguity of the QDRO, and because the Court cannot consider the evidence submitted by Mr. Davis at this stage of the proceedings, Defendants' request that summary judgment be granted as to Plaintiff's Count I is denied.

Count II

After further consideration, the Court finds that Defendants' interpretation of Section II D of the QDRO is the correct one. The deceased participant provision is inapplicable to this case, where the participant is alive and well. Accordingly, Defendants' request for summary judgment is granted.

Counts IV and V

Because the Court grants summary judgment on Plaintiff's Count II claim, it also grants summary judgment on the related Count V fiduciary claim.

As for the Count IV fiduciary claim, which is related to Plaintiff's Count I, the Court finds, for the reasons stated in its summary judgment order, that a material issue of fact exists, making summary judgment inappropriate.

Count III

After reviewing Defendants' arguments, the Court still believes Plaintiff, as alternate payee, has demonstrated, at least for purposes of summary judgment, that she is entitled to an

---

[7] Boswell v. Steel Haulers, Inc., 670 S.W.2d 906, 914 (Mo. Ct. App. 1984).

accounting. Because of the interdependent relationship between the calculation of the participant's benefits and those of the alternate payee's, the Court agrees with Plaintiff that neither she nor the Court can verify whether she has received her full benefits unless and until she receives a proper accounting.

At summary judgment, the Court must view the facts presented in the light most favorable to the non-moving party. In this case, Plaintiff has presented evidence which, when interpreted in the preferential light required, sufficiently raises a factual issue as to whether Defendants have provided all the required documents relevant to the calculation of her claim.

Count VII

Defendants challenge whether the Plan Administrator's failure to respond to Plaintiff's request within 30 days triggered the penalty provisions in 29 U.S.C. 1132(c)(1). That provision applies to "any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this **subchapter** to furnish to a participant or beneficiary."[8] Plaintiff is a beneficiary, and the subchapter referred to runs from 29 U.S.C. 1001 through 29 U.S.C. 1191c. Included is 29 U.S.C. 1024(b)(4), which reads, "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of . . . instruments under which the plan is established or operated." The Enhanced Pension and Retirement Program (EPR), requested by Plaintiff on February 8, 2001, but not received until June 27, 2003, is clearly such a document. Because this document was not provided to Plaintiff within the thirty day period provided for under 29 U.S.C. 1132, Defendants' request for summary judgment is denied.

---

[8] Emphasis added.

**Conclusion**

The Court GRANTS Defendants' requests for summary judgment as to Plaintiff's Count II and V claims, but DENIES it as to the Counts I, III, IV, and VII claims. This Order disposes of Docket Nos. 152, 155, and 161.

It is so ORDERED.

SIGNED this 10th day of January, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE